## O'MALLEY et al. v. HASKINS BROS. & CO.*
### No. 10655.

Circuit Court of Appeals, Eighth Circuit.
Sept. 8, 1936.

*Writ of certiorari denied 57 S. Ct. 121, 81 L. Ed. —.

J. P. Jackson, Sp. Asst. to the Atty. Gen., and Robert H. Jackson, Asst. Atty. Gen. (Stanley Reed, Sol. Gen., of Washington, D. C., Sewall Key and F. A. LeSourd, Sp. Assts. to the Atty. Gen., and Charles A. Horsky, of Washington, D. C., on the brief), for appellants.

Alfred C. Munger, of Omaha, Neb. (William Stanley, of Washington, D. C., Raymond M. Crossman and John L. Barton, both of Omaha, Neb., and J. Edward Burroughs, Jr., of Washington, D. C., on the brief), for appellee.

Before WOODROUGH and THOMAS, Circuit Judges, and DEWEY, District Judge.

THOMAS, Circuit Judge.

The plaintiff, appellee here, a manufacturer of soap, by bill of complaint in equity, sought a preliminary and a permanent injunction to restrain the appellants, as collector of internal revenue and United States attorney, from collecting from plaintiff a processing tax imposed by section 602½ (a) of the Revenue Act of 1934 (chapter 277, 48 Stat. 680, 26 U.S.C.A. § 999(a) upon coconut oil imported from the Philippine Islands.

The case was submitted to the District Court upon the application for a preliminary injunction. A motion of defendants to dismiss for want of jurisdiction was filed, but was not considered nor ruled upon. An order was entered granting a preliminary injunction as prayed. The appeal raises the question here whether the bill of complaint alleges a state of facts warranting interference by a court of equity in the collection of the taxes imposed by said act. The trial court made findings of fact; but, since the application for a preliminary injunction falls within the complaint and neither evidence nor affidavits were introduced, the allegations of the bill cannot be aided by the findings.

We turn, then, to the bill of complaint to discover the grounds upon which the right to an injunction is postulated. It is alleged that the plaintiff is an Iowa corporation with its principal place of business in Omaha, Neb., where its soap factory is located. It has been in business 40 years. In the operation of its plant it uses coconut oil which it obtains from the Philippine Islands. Coconut oil is an essential ingredient in the manufacture of soap because it

contains lauric acid, the ingredient which makes soap lather and which is not contained in domestic substitutes. Coconut oil is available in other parts of the world, but, because of competitive conditions and the tax differential provided by law in favor of Philippine oil coming into this country plaintiff is forced to use it in large quantities. Since the Revenue Act of 1934 went into effect and up to December 31, 1935, plaintiff has paid or become liable for a processing tax amounting to $160,879.73, the tax for the month of December, 1935, being in the sum of $7,628.70.

It is alleged that the act imposing the tax is unconstitutional; that the remedy provided by law for paying the tax and filing claim with the Commissioner of Internal Revenue to recover the same and upon his rejection or at the expiration of six months bringing a suit at law is an inadequate remedy; that the remedy provided by law would result in a multiplicity of suits because the tax is payable monthly; that no money has been appropriated by Congress to pay a judgment when and if obtained; that the plaintiff's business has "been changed from a profitable to a loss basis, due entirely and exclusively to the tax provided for by section 602½ of the Revenue Act of 1934, 26 U.S.C.A. § 999, and, if continued long enough, the properties, good will and substantial business owned by plaintiff will be demolished and destroyed."

In its essential features the case presents the same issues passed upon by this court in an opinion filed this day in Charles D. Huston, Individually and as Collector of Internal Revenue for the District of Iowa v. Iowa Soap Company, 85 F.(2d) 649, appealed from the Northern District of Iowa, the decision in which is controlling here. The two cases were submitted to this court together and upon the same brief for appellant. No special nor exceptional and extraordinary circumstances are presented which would authorize a court of equity to restrain by preliminary injunction the collection of a federal tax in view of the provisions of section 3224 of the Revised Statutes (U.S.C. title 26, § 1543, 26 U.S.C.A. § 1543). Plaintiff's remedy at law is in every way adequate. It is alleged that it had already filed claim for refund with the Commissioner of Internal Revenue before bringing this suit.

The order and decree appealed from is reversed and the case remanded to the District Court, with instructions to dissolve the preliminary injunction and for further proceedings not inconsistent with this opinion.

Reversed.

DEWEY, District Judge, dissents.